IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHAUNCEY M. DEPREE, JR.**                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:07cv185KS-MTP**

**MARTHA SAUNDERS, ET AL**                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#38]**, filed on behalf of the defendants, and on a Motion to Stay the Defendants' Motion for Summary Judgment, Lift Stay and Permit Discover **[#41]** and a Motion to Strike Exhibits **[#43]**, filed on behalf of the plaintiff.  The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the plaintiff's motion to stay the defendants' motion for summary judgment and permit discovery should be granted and that the plaintiff's motion to strike exhibits should be denied.  The court specifically finds as follows:

### FACTUAL BACKGROUND

Dr. Chauncey M. DePree, Jr., is a professor of accounting in the School of Accountancy and Information Systems (SAIS), one of the departments within the College of Business at The University of Southern Mississippi.  In September 2007, DePree, filed a complaint against fourteen University employees alleging violations of his federal constitutional rights and a host of other causes of action arising under state law, including breach of contract.  The defendants are all administrators or professors

at the University.  The plaintiff brought suit against the defendants in their individual and official capacities alleging that the plaintiff had been subjected to violations of Constitutional rights as guaranteed by the First Amendment and for violation of his right to substantive due process of law as protected by the Fourteenth Amendment.  In particular, DePree claims the defendants have retaliated against him because he "maintains a website which is viewed by them as critical of the College of Business and some of its faculty administrators."  Complaint, ¶ 28.  DePree also claims the defendants seek to terminate his employment because he complained to the accrediting agency about the College of Business.  Additionally, the plaintiff has presented pendent state claims of defamation, tortious interference with business relations, assault, intentional infliction of emotional distress, breach of contract, and breach of contractual duties of good faith and fair dealing.

The plaintiff filed his complaint in this court after he received a letter from the University's President, Dr. Martha D. Saunders, dated August 21, 2007.  In this letter, Saunders explained to DePree that she had received letters of complaint about DePree from several of his colleagues in the College of Business.  Copies of the complaints were enclosed with Saunders' letter to DePree, and DePree attached the letters as an exhibit to his complaint, which is before the court.

The letters had been presented to Saunders from Alvin J. Williams, Interim Dean of the College of Business.  Dr. Williams' letter indicated that "Over the past several years, Dr. DePree has engaged in behaviors that have severely constrained the capacity of [the School of Accountancy and Information Systems] and the College of Business to function at levels necessary to foster an appropriate learning environment

for students and a collegial atmosphere for faculty to teach, conduct research, and perform professional service." The letter also said that "Dr. DePree has helped create an environment in which faculty members and students do not feel safe to go about their usual business in Joseph Green Hall." Williams' letter described additional negative and disruptive behaviors and he enclosed letters from eight other professors in the College of Business and the School of Accountancy further describing alleged disruptive and intimidating conduct of the plaintiff.

Saunders told the plaintiff that she was referring the matter to the Provost for further proceedings and relieved the plaintiff of all teaching functions and service obligations to the University. She instructed DePree not to enter the business school except to remove personal items from his office. Saunders told him that he was to continue with research activities and would be allowed continued computer access on university computers.

The plaintiff initiated this action on September 7, 2007 with the filing of a petition for temporary restraining order requesting the court to reverse Dr. Saunders' ruling confining him to full time research activities without any teaching responsibilities. The court conducted a hearing on September 27 and determined that a TRO should not issue based on its finding that DePree had neither been suspended nor terminated and therefore suffered no harm. The Court also ruled that Dr. DePree had failed to show a nexus between his alleged First Amendment activity and the decisions of President Saunders referring the complaints to the Ombudsman and restricting DePree to full-time research.

Following the September 27, 2007, hearing, the Ombudsman issued a report on

December 5, 2007, and a copy of that report has been sent to the plaintiff. President Saunders is now considering the next step and has testified that she expects to make a decision about DePree within the next few weeks. Meanwhile, the University has taken no action to suspend, discipline, or terminate the plaintiff and neither his pay nor his benefits have been affected.

The attorney/case management conference with the magistrate judge was held on November 28, 2007. As a result of that conference, the case was stayed upon the magistrate's determination that "entry of a scheduling order should be deferred pending a ruling on the threshold issue of whether plaintiff's claims are premature or otherwise ripe for disposition." The magistrate was apparently advised that a motion to dismiss would be filed by the defendants on case or controversy grounds in that he ordered such a motion to be filed on or before December 31, 2007. Instead, on December 21, 2007 the defendants filed the instant motion for summary judgment on all grounds including qualified immunity on behalf of the individual defendants. Thus the plaintiff filed the motion to stay the summary judgment motion and allow discovery.

In support of his motion, the plaintiff argues that the defendants have failed to "submit to the Court a proposed order granting the stay but permitting discovery relevant to the immunity defense." Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and Southern District of Mississippi, 16.1 (B)(4)(a)-(c). Further, the plaintiff asserts that Local Rule 16.1(B)(4) clearly anticipates that discovery relevant to an immunity defense presented by summary judgment will allow the parties to engage in discovery prior to the consideration of any such motion.

-4-

Under existing law, "Rule 56(f) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. Such motions are broadly favored and should be liberally granted." *Culwell v. City of Ft. Worth*, 468 F.3d 868, 871 (5th Cir. 2006); accord, *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). A continuance should be granted to a party that, by affidavit or otherwise, substantiates: (1) the need for additional discovery; and (2) how the discovery will create a genuine issue of material fact. *See, Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006).

The plaintiff has submitted three affidavits in support of his Motion, identifying specific information that he intends to seek through discovery, individuals whose depositions he plans to take, and an explanation why such discovery is required. The plaintiff's affidavits demonstrate his efforts to obtain information even during the current stay of discovery with which to oppose the defendants' Motion for Summary Judgment. The affidavits submitted by the plaintiff demonstrate that the proposed testimony will likely raise genuine issues of material fact, specifically, with respect to Saunders' and others' reasons for removing the plaintiff from his classes and service, excluding him from the building in which his office is located, and the availability of conflicting facts which demonstrate that there were allegedly false statements contained in the letters addressed to Saunders. All of these factual disputes go directly to the objective reasonableness of Saunders' conduct and a determination of her entitlement to qualified immunity.

The defendants base their motion on the affidavit of Dr. Saunders, which the plaintiff has moved to strike. The plaintiff asserts that the affidavit is replete with self-

serving and hear-say statements which could not be admissible at a trial on the merits. The court agrees that the statement is filled with improper hear-say that is inappropriate to base a summary judgement ruling on.  The court also finds that there are numerous factual issues to be fleshed out in discovery that prevent the court from ruling on the qualified immunity issue at this time, let alone on the merits of the entire case presented by the plaintiff, without the benefit of discovery.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Stay the Defendants' Motion for Summary Judgment, Lift Stay and Permit Discovery **[#41]** filed by the plaintiff is Granted and the Motion for Summary Judgment **[#38]**, filed on behalf of the defendants is hereby stayed and the  Motion to Strike Exhibits **[#43]**, filed on behalf of the plaintiff is Denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that the discovery stay instituted in this matter by the magistrate judge is lifted and the parties are directed to contact the magistrate judge within ten days of this order for a conference in order to facilitate the entry of a discovery order on the issue of qualified immunity of the individual defendants.

SO ORDERED AND ADJUDGED this the 19th day of March, 2008.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE