# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**CHAUNCEY M. DEPREE, JR.**                                                      **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO. 2:07cv185KS-MTP**

**MARTHA SAUNDERS, ET AL**                                          **DEFENDANTS**

## ORDER ON TAXATION OF COSTS

This matter is before the court on the Bill of Costs filed by the defendants on October 31, 2008. The court has reviewed the Bill of Costs submitted by the defendants, the objections submitted on behalf of the plaintiff and the briefing provided by the parties. After careful consideration of the matter, the court finds as follows, to wit:

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P.

The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript

necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The defendants have not filed a proper Bill of Costs with the Clerk of this court. Instead, they have filed a motion to tax costs totaling $9,850.82 with little supporting documentation other than an itemization of the amounts claimed. The plaintiff has moved to strike the defendants' request as untimely filed. The defendants admit that they filed the motion one day late due to a miscalculation in the due date. The court has concluded that while the motion to strike has merit, the defendants's motion to tax costs is defective in so many other ways that it should be denied on its merits in addition to being untimely filed.

Specifically, the court finds that the defendants have provided only the affidavit of their attorney as justification to support the reasonableness and necessity of the costs requested. The court will therefore go through each item of the Bill of Costs and determine, as best it can, what is properly taxable under § 1920.

This court would point out to the defendants that "courts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.

2

2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.* 790 F.2d 1174 (5th Cir. 1986).

The categories of costs that the defendants have itemized are subject to question by the court. The first category is fees of the court reporter for all or any part of deposition transcripts necessarily obtained for use in the case. The defendants have itemized costs of $3,124.80 for this category. Under the itemization supporting this category, the defendants set out the costs of several depositions without clearly delineating whether the costs are for the originals and/or multiple copies. The plaintiff has not objected specifically to this request except by way of a motion to strike the entire request for costs due to its untimely filing.

The cost of original depositions are usually recoverable by the prevailing party. As the Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1099. A separate panel of the Fifth Circuit has held that "the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F. 2d 128, 133 (5th Cir. 1983).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." *Stearns Airport*

*Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518,536 (5th Cir. 1999). Further, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case-as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* (citing *Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir.1991)).

There must, however, be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of cost of the action. The defendants have offered no showing as to why any of the depositions were taken or why any of them were reasonably necessary or what they were ultimately used for. They only state, in a conclusory manner, that they were obtained to assist in trial preparation. The court is not even advised as to whether or what portions of the depositions were used in presenting the summary judgment motion which would unquestionably make them necessary in preparation of the case. However, the defendants have grouped the costs of the original depositions without any showing as to what portions were necessary and actually used versus those portions that were not.

It is incumbent upon the party seeking the recovery of costs to show that the deposition transcripts were "necessarily obtained for use in the case." *Copper Liquor, supra. See also, J. T. Gibbons v. Crawford Fitting Co.*, 760 F. 2d 613, 615 (5th Cir. 1985), and *Studiengesellschaft Kohle*, 713 F. 2d at 134. Further, additional copies are subject to a factual finding by the court as to whether they were "obtained primarily for the convenience of the parties [or] were necessarily obtained for use in the case." *Studiengesellschaft Kohle*, 713 F. 2d at 133, (other citations omitted).

The defendants have provided insufficient documentation to show whether the costs presented were for the originals and/or the copies. Likewise, they have offered an insufficient showing as to whether the deposition transcripts were necessarily obtained for use in the case and not merely for the convenience of the defendants. Failure to do this is fatal to the defendants' attempt to recover costs for these items. As stated previously, the burden is on the party seeking the recovery of the cost to provide documented proof that the cost is recoverable under § 1920. The defendants have failed to provide the court with the necessary information to be able to determine what portions of the deposition costs are recoverable under § 1920. Based on the information provided, the court would be speculating as to the recoverable portion of this otherwise appropriate item of cost if it were to award any part of this item as costs.

The final item for which the defendants seek to recover costs for "Reproduction Costs" as opposed to "fees for exemplification and copies of the papers necessarily obtained for use in the case" as set forth in § 1920. The defendants claim an amount of $4,125.00 for obtaining video depositions and $2,601.02 for copies of documents for discovery and trial preparation. The costs for "exemplification and copies of the papers necessarily obtained for use in the case" are specifically provided for by § 1920 to the extent that they were necessary for preparation of the case.

However, § 1920 does not authorize the recovery of costs for video deposition and such are not recoverable. Further, the defendants' itemization of the photocopy costs is not sufficient. Again, it is incumbent upon the party seeking the recovery of costs to show that the exemplifications and copies of papers are necessarily obtained for use in the case. The defendants have only stated that the bulk of the documents

were the result of discovery requests. It appears that the costs of some of the documents would be recoverable if properly identified.

The defendants make no specific affirmation as to why all of these matters were necessarily obtained for use in the case. The generic reference in the motion and the attorney's affidavit that all were so obtained is simply not sufficient. *See Copper Liquor*, 684 F. 2d at 1098-99, and *Zapata Gulf Marine v. P.R. Maritime Shipping Authority*, 133 F.R.D. 481, 484 (E.D. La. 1990). The court will not speculate as to what was necessarily used in ruling on the defendants' motion without any support for its impression. That burden is on the defendants and it has not been satisfied. The court therefore finds that the defendants' motion to tax costs "reproduction costs" are hereby disallowed as not recoverable under § 1920 for the reasons stated.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' request for costs **[#106]** is denied as not recoverable under § 1920 or as not properly documented as set forth above. The plaintiff's motion to strike **[#107]** is denied as moot.

SO ORDERED AND ADJUDGED this the 18th day of December, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE