# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**CHAUNCEY M. DEPREE, JR.**                                                 **PLAINTIFF**

**v.**                                                     **Civil Action No. 2:07cv185-KS-MTP**

**MARTHA SAUNDERS, individually and as**
**President of the University of Southern Mississippi, et al.**         **DEFENDANTS**

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

THIS MATTER is before the court on a Motion [137] to Compel Response to Plaintiff's Supplemental Requests for Production of Documents filed by Plaintiff. Having reviewed the submissions of the parties and having heard the arguments of counsel during a telephonic status conference held on April 16, 2010, the court finds that the motion should be granted for the reasons set forth below.

The Supplemental Request for Production at issue herein seeks "[a]ll employment evaluations for the calendar years 2004, 2005, 2006, 2007, and 2008 for each and every tenure track assistant professor, associate professor and full professor of accounting employed by the University of Southern Mississippi." Defendant has objected to this request on two grounds: first, that the information sought is not relevant; and second, that it is confidential personnel information.[1]

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." The term "relevant" in Rule 26 "has been

---

[1] During the telephonic status conference, the parties stipulated that the documents in question are confidential and, therefore, are subject to the Protective Order [84]. Thus, this objection does not need to be addressed.

construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This court is invested with broad discretion in establishing the scope of discovery. *See Conboy v. Edward D. Jones & Co.*, 140 Fed. Appx. 510, 516 (5th Cir. June 28, 2005).

Plaintiff argues that this information is relevant to the issue of whether different standards were applied to other accounting faculty - specifically, whether other accounting faculty with similar or worse research records than Plaintiff were permitted to remain in their classrooms and provide service to the University, while Plaintiff was not. In response, Defendant argues that the documents are not relevant because they were not considered by Defendant in making her decision to relieve Plaintiff of his teaching duties. However, in light of the liberal standard for relevance, the court cannot conclude that the documents sought by Plaintiff are not relevant to the issues before the court.[2] Accordingly,

IT IS ORDERED that Plaintiff's Motion [137] to Compel Response to Plaintiff's Supplemental Requests for Production of Documents is granted. On or before April 26, 2010, Defendant shall produce the requested evaluations.

IT IS FURTHER ORDERED THAT the parties having agreed and stipulated that the documents in question are confidential, and the court further finding that the documents are confidential, they shall be produced subject to the Protective Order [84]. Any other relief requested in the motion is denied.

SO ORDERED AND ADJUDGED this the 16th day of April, 2010.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge

---

[2] The court is not expressing an opinion as to whether these documents will ultimately be admissible at trial.